PAUL BJELKA, Plaintiff, *v.* M. & Z. MIZESON REALTY CO., INC., and Others, Defendants.

Supreme Court, Richmond County, September 12, 1932.

*Joseph B. Handy,* for the plaintiff.

*Morris Straub,* for the defendants, except William S. Hart.

CUFF, J. This is an action to enjoin the defendants from interfering with the plaintiff's use of a street. Much evidence is pleaded. It is true that in equity greater liberality of pleading is allowed. The vice, however, of departing from pleading properly, is that defendant is required to admit or deny a fact which has no place in the pleading, and yet the admission or denial of which may be vital in the examination of defendant as a witness at the trial. Such practice gives plaintiff an unfair advantage over defendant. There are many such violations in this complaint. There seems to be a tendency lately to disregard the settled rules of pleading and inject matter totally foreign to the complaint. A complaint must state the ultimate, not the evidentiary, material and relevant facts which plaintiff must prove to entitle him to judgment. Ultimate facts are conclusions acquired by reflection and natural reasoning upon evidentiary facts. The latter are acquired by the sense of sight, hearing, taste, touch, smell and muscular resistance, and are reserved for the trial. An example of the two classes of facts is

succinctly set forth by Professor Francis X. Carmody in his New York Practice (Vol. 3, p. 1741) as follows: A and B talk to one another. A person hearing them notes what each says to the other. That is evidence. Such person reflects upon what he heard and concludes that they entered into an agreement. This is the ultimate fact and the only one that should appear in a pleading.

The complaint in this action of fifty-seven paragraphs consuming twenty-one pages can be greatly reduced in volume by excluding allegations which are not ultimate facts.

The objections of defendant to the twenty paragraphs of the complaint are well taken and will be sustained. This may leave the complaint, in appearance, as an unskillfully drawn document where it is evident that great effort and study was applied by plaintiff's attorney. For the purpose of answering and for the trial, it will be better for the attorneys, the parties and the court to have a properly drawn declaration of plaintiff's claim instead of the emasculated complaint which will be the result of this decision. Plaintiff should draw the complaint anew.

Already one court has dismissed it only to have it reinstated by the Appellate Division. Here is a third move directed against the form, and properly so, of this pleading. Much time and money have been spent to no avail.

Plaintiff seems to have an important suit. It should start right. Unless defendant consents to accept service of an amended complaint, on proper application, this court will grant permission to amend, without costs or terms.

The motion to strike out is granted.